UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHRISTOPHER McDOWELL                                                         PETITIONER

VERSUS                                            CIVIL ACTION NO. 3:10-cv-647-CWR-LRA

CHRISTOPHER EPPS, et al.                                                    RESPONDENTS

ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Christopher McDowell, an inmate at the East Mississippi Correctional Facility, Meridian, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

Petitioner states that he was released on Earned Release Supervision ("ERS") on August 29, 2008, and remained on ERS until February 2010. Compl. [1] p. 4. On February 9, 2010, while serving the remainder of his sentence on ERS, Petitioner was issued a Rules Violation Report ("RVR") #784491 for violating the terms of his ERS because he had been charged with domestic violence. *Id.* [1] p. 24. Subsequently, on February 24, 2010, Petitioner was found guilty of RVR #784491, violating the conditions of his ERS after receiving a new charge of domestic violence, and as a result, Petitioner's ERS was revoked and he was referred to reclassification. *Id.* Petitioner claims that at the time his ERS was revoked his sentence was scheduled to be completed on June 6, 2010. *Id.* However, according to the petition, Petitioner was not released on June 6, 2010, and continues to be incarcerated. Petitioner, therefore, has brought the instant civil habeas action asserting that his release date was June 6, 2010, the discharge date set prior to Petitioner receiving RVR #784491, and that his continued incarceration is unlawful.

In order for this Court to determine if Petitioner exhausted the state remedies available to him, an order [17] was entered on March 8, 2011, directing him to provide said information. Petitioner filed his response [18] on March 23, 2011. In his response [18], Petitioner states that he

has not filed "anything in State Court" concerning the revocation of ERS, the alleged incorrect calculation of his release date and his unlawful incarceration.

As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this Court has liberally construed Petitioner's allegations and determined that this petition for habeas relief shall be dismissed for Petitioner's failure to exhaust his state remedies.

It is a fundamental prerequisite to federal habeas relief that a Petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> \* \* \* \* \* \* \* \* \*
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to

requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999).

Petitioner has an available procedure to present his claim concerning the calculation of his sentence to the Mississippi Department of Corrections ("MDOC") by filing an administrative remedies request. *See* Miss. Code Ann. 47-5-801 to -807 (1972), as amended (granting the MDOC authority to adopt administrative review procedures); MDOC Inmate Handbook (available at http://www.mdoc.state.ms.us/Inmate Handbook/CHAPTER VIII.pdf), ch. VIII, ¶ 3 (providing directions and information concerning MDOC's administrative review procedures). In the event Petitioner does not agree with the decision of MDOC, there is an available procedure with the state courts for an inmate to appeal a final decision rendered by the MDOC Administrative Remedy Program. *See* Miss.Code Ann. § 47-5-807 (1972), as amended; *Stokes v. State,* 984 So.2d 1089 (Miss.Ct.App. 2008)(inmate appealed MDOC's denial of administrative remedy regarding calculation of his sentence); *Siggers v. Epps*, 962 So.2d 78, 80-81 (Miss.Ct.App. 2005)(jurisdiction proper over appeal of MDOC administrative remedy affirming rule violation report).

In addition, the Court notes that the Mississippi Uniform Post-Conviction Collateral Relief Act provides an avenue for an inmate to challenge his incarceration based on a claim that "his sentence has expired" or he is "otherwise unlawfully held in custody." Miss. Code Ann. § 99-39-5(1)(h)(Supp. 2010); *see e.g., Jones v. State*, No. 2011-CP-00288-COA, 2011 WL 692908, at *2 (Miss.Ct.App. Mar. 1, 2011)(allowing an inmate's claim that his sentence had expired when his post- release supervision was revoked to be pursued in under the Mississippi Post-Conviction Collateral Relief statute). Since Petitioner has not pursued his claims, in any form, with the state courts, this habeas corpus petition will be dismissed for failure to exhaust

3

his available state remedies.

A Final Judgment in accordance with this Order of Dismissal will be issued this date.

SO ORDERED, this the 21st day of July, 2011.

                                            s/Carlton W. Reeves
                                            UNITED STATES DISTRICT JUDGE